117 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ernesto MORA; Hugo CESPEDES; Nacha LOREDO; Ethel HILL;
Flordeliza LUBIANO; Le HONG; Ana ESCAMILLA; Luisa
SANCHEZ; Lupe CORTEZ; Roberto UNUETA; Jorge CHAMORRO;
Roberto ARMENTA; Jose NAVARRO; Edna MARTIN; Marmolita
ORALLO, et al., Plaintiffs-Appellants,
v.
KAISER FOUNDATION HOSPITALS; SOUTHERN CALIFORNIA PERMANENTE
MEDICAL GROUP; KAISER FOUNDATION HEALTH PLAN, INC.;
HOSPITAL & SERVICE EMPLOYEES UNION, LOCAL 399, AFL-CIO;
SERVICE EMPLOYEES INTER-NATIONAL UNION, AFL-CIO, CLC,
Defendants-Appellees.
 No. 96-55476.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1997.
July 1, 1997.
 
 Before: HUG, Chief Judge, FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs Ernesto Mora et al., employees in the Dietary Department of Kaiser Foundation Hospitals' Los Angeles Medical Center, appeal the district court's grant of summary judgment in favor of Kaiser. The plaintiffs contend that the seniority provision of the Collective Bargaining Agreement (CBA) was violated when all but the ten most senior full-time employees were subject to a reduction in force (RIF) while none of the part-time and on-call employees were so affected. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We note that as a threshold matter, if the Union adequately represented the plaintiffs' interests during the grievance process, the plaintiffs are barred from suing Kaiser over alleged violations of the CBA. Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 570-71 (1976). However, because the plaintiffs' suit against the Union was dismissed pursuant to a settlement agreement, the district court made no findings as to the adequacy of the representation. Nevertheless, because we find that the plaintiffs' claim against Kaiser is without merit, we find that the Union did not breach its duty of representation by not taking the grievance to arbitration.
 
 
 4
 Turning to the substance of the plaintiffs' claim, we need only examine the language of the CBA to determine whether a violation occurred. Paragraph 2203 defines the three employer actions that constitute a RIF: (1) elimination of an employee's position; (2) reduction from full-time to part-time or on-call status; (3) reduction from part-time to on-call status. Paragraph 2203 does not require that one type of RIF occur first before another type of RIF can be implemented--such as subjecting all part-time employees to a RIF before any full-time employee can be subjected to a RIF. Paragraph 2203 simply sets out the options available to Kaiser in controlling the size of its workforce.
 
 
 5
 Paragraph 402 vests in Kaiser the exclusive authority to increase and decrease the size of its workforce. This authority is only tempered if "specifically limited" by another provision of the CBA. Nothing in the CBA specifically limits Kaiser's options in deciding which of the above methods to implement when reducing its workforce. Kaiser is only limited in the sense that once it has settled on a particular method of reducing its workforce, paragraph 2202 requires that the reduction be conducted pursuant to the principles of departmental seniority. Kaiser faithfully adhered to these principles after it decided to conduct a RIF by reducing the hours of the full-time employees. We conclude that Kaiser did not violate the terms of the CBA and therefore the Union did not breach its duty of fair representation.
 
 The judgment of the district court is
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3